UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Persaud, <br><br>         Plaintiff, <br>  -v- <br><br> Consulate General of Guyana in New York, and Co-operative Republic of Guyana, a/k/a Government of Guyana, <br><br>         Defendants. | Civ. Action #: <br><br> **Complaint** <br><br> Date Filed: <br><br> **Jury Trial Demanded** |

Plaintiff Mark Persaud ("Plaintiff" or "Persaud"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants Consulate General of Guyana in New York and the Co-operative Republic of Guyana, a/k/a Government of Guyana (collectively "Defendants") respectfully alleges as follows:

**NATURE OF ACTION**

1. Plaintiff alleges, that he has been employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff alleges that he has been employed by Defendants and pursuant to New York Labor Law ("NYLL") he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff also complains that Defendants breached the employment and wage agreement/contract they had with Plaintiff and that as a result, Plaintiff is entitled to recover the wages and damages he is owed as a result of such breach, plus prejudgment interest.

4. Plaintiff is also entitled to recover his unpaid wages, including his unpaid overtime wages due under his wage agreement with Defendants - under Article 6 of the New York Labor including sections 191, 193, 196, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1605(a)(1), 28 U.S.C.A. § 1605(a)(2), 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), and 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Mark Persaud ("Plaintiff" or "Persaud") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. At all relevant times herein, the Co-operative Republic of Guyana was a foreign state or

country, and a member state of the United Nations.

10. At all times relevant herein, the Co-operative Republic of Guyana was represented here in the United States of America, by an embassy and ambassador based in Washington D.C., and a Consulate General of Guyana in New York located at 308 West 38th Street, New York, NY 10018.

11. At all times relevant herein, Defendants Consulate General of Guyana in New York, and the Co-operative Republic of Guyana, individually, and/or jointly employed Plaintiff.

## STATEMENT OF FACTS

12. Plaintiff was employed by Defendants from on or about December 5, 2008 to on or about December 3, 2015.

13. At all times relevant herein, Plaintiff Persaud was employed by Defendants as a driver/ chauffeur - Plaintiff performed the manual and physical work of driving and opening and closing doors and handling baggage throughout the workday.

14. At all times relevant herein, Plaintiff was employed as a driver/chauffeur serving the Consulate General of Guyana in New York. In this capacity, Plaintiff drove and transported the Guyana Consular General in New York and members of his family in a variety of trips including shopping, doctors' appointments, etc.

15. At all times relevant herein, Defendant Consulate General of Guyana in New York, employed about 22 persons.

16. The employment contract between Defendants and Plaintiff states in relevant part as follows:

> (Paragraph 22): Where the provisions of this Agreement diverge from the Labour Laws of the host country, the Labour Laws of the host country shall prevail and apply.
>
> (Paragraph 3): The [Plaintiff] undertakes that s/he will diligently and faithfully perform the duties assigned to him/her and will act in all respects according to the

> instructions given to her by the GOVERNMENT [of Guyana] through the DIRECTOR GENERAL or the Head of Mission or other duly authorized officer.
>
> (Paragraph 4): The wages/ salaries of the PERSON ENGAGED shall be paid at the rate of U.S. $520.95 per week
>
> (Paragraph 5): Deductions for Health Insurance, Social Security, Pension Contributions and any other deductions relating to employment may be made from the wages/ salaries of the [Plaintiff] in keeping with the laws of the host country or any group insurance operated by the Mission of the Republic of Guyana.
>
> (Paragraph 6): The GOVERNMENT OF GUYANA will pay the employer's contribution required by such Health Insurance/Pension Plan in keeping with Clause 5.
>
> (Paragraph 17): Where the PERSON ENGAGED opts not to. renew the contract of employment on its expiry, or is compelled by reason of ill-health to resign his/her office, once they have served at least three consecutive years, the Government shall pay the PERSON ENGAGED an end of tenure benefit for services rendered. This benefit will be calculated based on the formula approved by Headquarters, or based on the Labour Laws of the host country where this applies.

17. At all times relevant herein, Defendant agreed to pay Plaintiff overtime wages for work hours over 40 a week. However, while Defendant did pay Plaintiff some overtime wages, those wages were less than the overtime wages required by the FLSA and NYLL. For example, for the pay period ending December 11, 2015, Plaintiff worked at least 63 hours in that week and was paid at a regular rate of $13.02 ($520.95/40 hrs) for the first 40 hours worked. However, Plaintiff was only paid at his overtime rate of 1.5 times his regular rate for 7.68 of the 23 overtime hours worked – Plaintiff did not receive any wages including overtime wages for the remaining 15.32 overtime hours worked in that week. This example is a reflective pattern of Defendants' payment practice throughout Plaintiff's employment.

18. At all times relevant herein, Defendants breached the wage agreement by failing to pay Plaintiff at a rate of 1.5 times his regular rate for each and all overtime hours worked (hours in excess of 40 in a week) in each week – Defendants paid Plaintiff for some of his overtime hours worked in some weeks – in violation of the FLSA and NYLL.

19. At all times relevant, Plaintiff worked approximately 63-70 hours each week (with the exception of a couple of weeks each year) and more for Defendants, 7 days a week but was not paid at a rate of 1.5 times his regular rate for each and all hours worked in excess of 40 in a week.

20. A more precise statement of the hours and wages will be made when Plaintiff Persaud obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 CFR 516 are incorporated herein by reference.

21. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

23. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500,000.

24. Upon information and belief and at all times relevant herein, Defendants conducted business with insurance companies within and outside the State of New York.

25. Upon information and belief and at all times relevant herein, Defendants purchased materials and supplies from vendors within and outside the State of New York.

26. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

27. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

28. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

29. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

30. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state overtime wage posters.

31. All times applicable or relevant herein as to the FLSA overtime claim refers to at least the two-year and three-year period preceding the filing of this complaint but this period may be longer.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

34. At all times relevant to this action, Defendants were engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

35. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues/expenses in excess of $500,000.00 annually.

36. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

37. Due to Defendants' FLSA overtime violations, Plaintiff is entitled to recover from

Defendants, his unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

38. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

40. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

41. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

42. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

43. Plaintiff repeats and incorporates paragraphs 1 through 42 above as if set forth fully and at length herein.

44. Defendants breached the employment agreement/contract between it and Plaintiff as laid out above, by failing to pay Plaintiff at a rate of 1.5 times his regular rate for each and all overtime hours worked over 40 in a week.

45. Defendants breached the employment agreement/contract between it and Plaintiff as laid out above, by failing to Federal Insurance Contribution Act ("FICA") contributions for Plaintiff, and failing to make other contribution and pay other premiums such as unemployment insurance premium for Plaintiff – resulting in the loss of benefits such as unemployment insurance benefits.

46. Defendants breached the employment agreement/contract between it and Plaintiff as laid out above, by failing to Federal Insurance Contribution Act ("FICA") contributions for Plaintiff, and failing to make other contribution and pay other premiums such as unemployment insurance premium for Plaintiff – resulting in the loss of benefits such as unemployment insurance benefits.

47. Upon information and belief, Defendants breached the employment agreement/contract between it and Plaintiff as laid out above (paragraph 17), by failing to pay Plaintiff an "end of tenure benefit for services rendered" or severance.

48. Plaintiff fully performed his obligations under the employment agreement/contract, including any and all condition precedents.

49. In light of Defendants' breach of the employment agreement, Plaintiff is entitled to and seeks to recover in this action, the amount of his damages, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

50. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the

meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

52. Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages including all his overtime wages, plus other damages as a result of breach of contract as set forth above, and as required by NY Labor Law § 190 et seq. specifically including NY Labor Law §§ 191, 193, 198.

53. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

54. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

55. Due to Defendants' New York Labor Law Article 6 violations including violations of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including unpaid overtime wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

56. Declare Defendants to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder and issue an injunction prohibiting plaintiff from engaging in these wage and overtime violations;

57. As to the **First Cause of Action**, award Plaintiff his unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b);

58. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142- 2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

59. As to the **Third Cause of Action**, award Plaintiff, all his owed wages, including his unpaid overtime wages, and other damages plus interest thereon;

60. As to the **Fourth Cause of Action**, award Plaintiff, any and all outstanding wages and damages, including unpaid overtime wages, and damages for breach of contract set forth above, plus maximum liquidated damages and prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

62. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York

March 8, 2016

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com